UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                          No. 02-4807

REGINALD TODD BRIGGS,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-291)

Submitted: March 31, 2003

Decided: April 22, 2003

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen III, Federal Public Defender, William C. Ingram,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Robert M.
Hamilton, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Reginald Todd Briggs was convicted in 1998 of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000). He was sentenced to thirty-seven months in prison, to be followed by three years of supervised release.

In August 2002, Briggs' probation officer filed an amended petition to revoke Briggs' supervised release. The petition stated that Briggs had violated several conditions of supervised release, including the condition that he refrain from the use of any controlled substance. At a hearing on the petition, Briggs admitted that he had committed the charged violations. The district court revoked supervised release and sentenced Briggs to five months in prison, to be followed by a fifty-five-month supervised release term.

Briggs appeals. Counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), claiming that the district court should not have imposed a second supervised release term on Briggs but stating that there are no meritorious issues for appeal. Briggs was notified of his right to file a pro se supplemental brief but he filed nothing in response to this notice.

We find that the appeal is without merit. The court was authorized to impose a supervised release term of at least three years for Briggs' 1998 conviction. *See* 21 U.S.C. § 841(b)(1)(C) (2000). There is no maximum term of supervised release that a court may impose pursuant to § 841(b)(1)(C). *United States v. Pratt*, 239 F.3d 640, 647-48 (4th Cir. 2001). Upon revocation of supervised release and imposition of a term of imprisonment, the court was authorized to impose a second term of supervised release of the length originally permitted, less any term of active imprisonment imposed. *See* 18 U.S.C. § 3583(h) (2000). We conclude that the district court acted within its discretion

when it ordered Briggs to serve fifty-five months on supervised release upon expiration of his five-month prison term.

Our review of the record discloses that the district court acted in full compliance with the relevant statutes and sentencing guidelines. We have, in accordance with *Anders*, reviewed the entire record and have found no meritorious issues for appeal. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*